UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID DOBKOWSKI,<br>    *Plaintiff*,<br>    *v.*<br>YALE UNIVERSITY,<br>    *Defendant.* | Civil No. 3:14-cv-65 (JBA)<br><br>February ___, 2015 |

**RULING GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff David Dobkowski brings this action alleging that his employer Defendant Yale University is liable for discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.* (Count One), discrimination and retaliation in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.* (Count Two), discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e (Count Three), and discrimination and retaliation in violation of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. 46a-58(a) (Count Four), all on the basis of his disability.[1]  Defendant Yale University now moves [Doc. # 25] to dismiss Plaintiff's complaint in its entirety.  Plaintiff's opposition to this motion was originally due on December 19, 2014.  (*See* Scheduling Order [Doc. # 23].)  On January 15, 2015, having failed to submit his opposition to Defendant's motion to dismiss, Plaintiff sought an extension of time in which to do so, which this Court granted *nunc pro tunc* and directed Plaintiff to file his opposition by February 15, 2015.  (*See* Order [Doc. #

---

[1] Plaintiff also alleged intentional infliction of emotional distress, but that claim has already been dismissed.  (*See* Ruling [Doc. # 18] on Partial Motion to Dismiss.)

29].)  Notwithstanding this extension, Plaintiff has, to date, failed to file an opposition to the pending motion to dismiss.

Pursuant to Rule 7(a)1 of the Local Rules of Civil Procedure for the District of Connecticut, "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion."  In this case, they do not.  Although the Court is not persuaded by Defendant's contention that the Court lacks subject matter jurisdiction over some of Plaintiff's claims, it is persuaded that Plaintiff's complaint is defective on its face.  Plaintiff alleges that Defendant is liable for discrimination on the basis of his disability but he neither identifies his alleged disability nor describes how it limits a major life activity.  Nor does he state a cognizable claim under Title VII, which does not protect against discrimination on the basis of disability.

Therefore, based on a review of the pleadings and the briefing filed in connection with Defendant's motion to dismiss, and in light of Plaintiff's failure to file an opposition, Defendant's Motion [Doc. # 25] to Dismiss is GRANTED.  The Clerk is directed to close this case.

IT IS SO ORDERED.

_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this ____ day of Februrary, 2015.